UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

BRIAN M. CASEY,

    Petitioner,

v.                                    Case No:  2:13-cv-207-FtM-29SPC

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents
_____/

**ORDER**

On July 15, 2013, this Court entered an Order (Doc. 13) denying Petitioner Brian M. Casey's ("Petitioner's") Motion for Certificate of Appealability (Doc. 8) and Motion for Leave to Appeal *In Forma Pauperis* (Doc. 10). Petitioner now asks this Court to "rehear" its order denying these motions (Doc. 14, filed July 25, 2013). For the reasons set forth below, Petitioner's motion (Doc. 14) is **DENIED**.

    1.  **Legal Standards**

Because Petitioner's Motion for Rehearing was filed within twenty-eight days, the Court will construe Petitioner's motion as brought pursuant to Federal Rule of Civil Procedure 59(e). See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period).

The decision to grant a motion for reconsideration is within

the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, *2 (M.D. Fla. Mar. 30, 2005)(citing Lamar, 189 F.R.D. at 489).

   2. **Analysis**

The Court has reviewed Plaintiff's reconsideration motion and determines that it is without merit. Plaintiff has not identified

2

new evidence, pointed to a change in the controlling law, or shown that reconsideration is needed to correct clear error or prevent manifest injustice. Rather, Plaintiff simply disagrees with the order. However, Plaintiff makes two arguments that will be addressed by the Court.

First, Plaintiff appears to argue that his complaint was improperly dismissed because the Court failed to consider the merits of each claim (Doc. 14 at 2). Plaintiff's Petition was dismissed *without prejudice* to re-file a federal habeas petition after the conclusion of Petitioner's state appeal. The dismissal was proper to avoid a procedural default of the claims raised on direct appeal. See Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982) ("A federal court will not grant habeas corpus relief to a person held in custody pursuant to a state court judgment unless it appears that the applicant has exhausted remedies available to him in the state courts."). Petitioner may re-state the claims raised in the habeas petition when he files a new habeas petition after the conclusion of his direct appeal, and all of his claims will be considered at that time.[1]

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation does not commence until the expiration of the ninety days to seek a petition for writ of certiorari and the limitation period is tolled during the time in which a properly filed application for state post-conviction relief is pending. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed"

Next, Petitioner argues that the dismissal was improper because his appellate attorney was ineffective, and the claims raised in the petition are not the same claims as those raised in the unexhausted direct appeal (Doc. 5-6). Plaintiff argues that his appellate attorney's ineffectiveness should excuse his procedural default. Id. Again, the Court notes that Petitioner's claims were not dismissed because of procedural default; rather they were dismissed without prejudice so that Petitioner may exhaust those claims in State court and avoid a procedural default. To the extent that Petitioner argues that the claims raised in his petition are not the type that can be exhausted on direct appeal, a review of the petition reveals that Petitioner raised numerous claims of trial court error in the petition (Doc. 1 at 8-10). These are the types of claims which are properly brought on direct appeal. See Bruno v. State, 807 So. 2d 55 (Fla. 2001) (the main question on direct appeal is whether the trial court erred). Petitioner's frustration with the state court process and his speculation that the state process is futile as it applies to him, does not relieve him from the necessity of complying with this Court's requirement that he exhaust his state court remedies. The

---

under 28 U.S.C. § 2244(d)(2)). However, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S. Ct. 2120 (2001).

Court will not reconsider its denial of his prior motions.[2]

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2013.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: OrlP-4 7/26
Copies to: All parties of record

---

[2] Because the denial of a Rule 59(e) motion constitutes a final order in a state habeas proceeding, a COA is required before Petitioner will be allowed to appeal this Order. Perez v. Sec'y, Dep't of Corr., 711 F.3d 1263, 64 (11th Cir. 2013). Petitioner is denied a certificate of appealability on this Order. For the same reasons that Petitioner's Motion for Certificate of Appealability (Doc. 8) and Motion for Leave to Appeal In Forma Pauperis (Doc. 10) were denied, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate with regard to the denial of Petitioner's Motion for Rehearing, Construed as a Motion for Reconsideration Pursuant to Rule 59(e) should not issue. Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right.").